CHITTENDEN, January, 1834.

JOSEPH W. GEER vs. 10th School District in Richmond.

When three persons are appointed by vote of a school district, a committee to repair a school-house, who distribute the job among themselves, each performing work and furnishing a separate portion of materials, each may make his charges against the district, and sue separately for the same.

A suit must be brought in favor of one or more, as the the interest is joint or several.

This was an action of *assumpsit* for labor and materials in repairing the school-house in the district aforesaid.— Plea, *non- assumpsit ;* on which issue was joined to the jury.

The plaintiff offered in evidence the record of said school district No. 10, shewing a regular meeting of said district, and a vote appointing the plaintiff, and P. Benham, and A. G. Tower a committee to repair said school-house. The plaintiff then offered to prove that after his appointment as one of the committee, in pursuance of an agreement of the three distributing the job, labored on said house in repairing the same, and furnished some of the materials for said repairs.—That in this labor of the plaintiff, and materials, neither of the other persons who were appointed as committee with the plaintiff, had any interest. —That each of the other committee, Benham and Tower, severally furnished some other materials and labor for repairing said house.—That there was no joint interest in the labor performed, or materials furnished by either of the said committee; but each of said committee furnished a part of the materials for repairing said building out of their several funds, and each with their own hands performed a part of the labor in repairing said house ; and that each of said committee kept a separate account against said district of the labor performed, and materials furnished by each.

On this statement, the court decided, that this action should have been brought by the plaintiffs Benham and Tower jointly; and that the plaintiff could not maintain a several action for the labor which he performed and materials by him furnished for said house.

CHITTENDEN,
January,
1834.

Geer
vs.
School District
in Richmond.

The plaintiff then offered to show, by parol, that when said accounts of said committee were presented at said school-meeting, said accounts were separately presented, and separately allowed to each of said committee. This evidence was excluded by the court, who directed a verdict for the defendant. Plaintiff took exceptions to the decision of the court, which were allowed and certified.

*Smalley for plaintiff*, Contended in substance, that the vote of the district made this committee, or a majority of them, agents for repairing the school-house, possessing all the power requisite to effect that object.—1 Bos. & Pul. 266, 229.—3 Term Rep. 592.—6 do. 388.—Bray. 188.

If a majority of the committee could make a contract with any other person by which the district would be bound, we see no objection to their making a contract with one of their own number.

In this case, there is no express contract or promise on the part of the district or of the plaintff.

The direction of Benham and Tower to the plaintiff to furnish these materials and perform the labor, is in a legal point of view merely a request on the part of the district to the plaintiff to perform the services, and the law implies the promise to pay what they are reasonably worth.

But it is said the committee were not authorized to pledge the credit of the district for the necessary labor and materials; but were merely authorized to furnish labor, materials, and perform certain labor in their own persons; and this appointment confering a joint power on the committee, they must bring a joint action to compel payment for the execution of the power. Though this power *might* be jointly executed, it does not follow that it *must* be so.

Granting, however, that the appointment was joint, and the power could only be executed by the joint consent of all, we do not discover how it follows, as a matter of course, that all should have joined in action to recover

CHITTENDEN,
January,
1834.

Geer
vs.
School District
in Richmond.

compensation for the execution of that power.. It might as well be urged, that all the selectmen, or all the directors of a bank, should bring a joint action to recover a compensation for their services as selectmen or directors.

The vote of the district, appointing the plaintiffs, Benham and Tower, a committee to repair the school-house, contains no express promise to pay them. This vote being a mere request on the part of the district to have this house repaired, on the performance of the request, the law implies the promise to pay; and in this view of the case, the sole inquiry is, to whom is this implied promise raised?—Ham. on Parties, p. 20.—1 Sw. Dig. 207.

In cases of implied promise, the law implies the promise to be made to the person from whom the consideration moves. If the consideration of this promise moved from all the committee jointly, all are entitled, and may join in the action. Though in this case, if the beneficial interest were several, each might sustain separate actions.—1 Chitty, 3.

If the consideration moved from each of the committee separately, still if the beneficial interest is joint, the legal interest is joint in all.—1 Chitty, 5.

If the consideration and beneficial interest are both several, the promise is implied to each severally, and they cannot join.

The consideration in this case was the materials furnished and labor performed for the district. The case states that each of that committee severally furnished materials and severally performed labor; and that the committee had no joint interest in the labor or materials. If so, the consideration was several, and they could not all join in the action.

*Briggs & Sawyer for defendant.*—1. The defendant contends that the duties of a school committee are *joint*, and so must be the liabilities of the district to them, growing out of the execution of their trust. Such is the fair construction of the statute, and any other construction would lead to the inconvenience of multiplied suits, where one would answer all the purposes of justice.

It follows that all the committee men should have been

joined in this action.—1 Chitty's Plea. 15, and the cases CHITTENDEN, January, there cited.—1 Vt. Rep. 7.   1834.

And the objection may be taken under the general issue.—Idem.—Also 2 Mass. Rep. 509, *Hart* vs. *Fitzgerald.* Geer vs. School District in Richmond.

2. The *parol* evidence offered by plaintiff to show the manner in which accounts were adjusted in the school-meeting, was properly excluded.   A school district can act but by vote, at a regular meeting; and if any inference is .o be drawn, it cannot legally result from any thing but a a vote.—7 Mass. Rep. 102.—8 Mass. Rep. 292.—10 Mass. Rep. 397.

The opinion of the court was pronounced by

MATTOCKS, J.—It appears that the plaintiff and two others were duly appointed, by a vote of the district, "a committee to finish and repair the school-house."—That after the appointment, the committee distributed the job among themselves—each furnishing a separate portion of the materials, and performing each a separate portion of the labor, and making distinct and several charges against the district.—That there was no joint interest in the labor or materials, in all or any two of the committee.   And for the work and labor, and for the materials by him furnished, the plaintiff brought this suit.   And upon these facts, the county court decided that the other committee men should have been joined; and that this plaintiff alone was not entitled to recover.   And the question is, whether that decision was correct.

It is a general principle, that all actions on contracts, whether by parol or under seal, must be brought in the name of the party who has the legal interest; and upon a bond reciting that the obligor had received forty pounds for the use of C and D, equally to be divided, it was held that C and D might maintain separate actions; and in covenant, where the legal interest and cause of action is several, each may sue separately for his particular damage, although the words of the covenant are joint only; and if a contract is made with several, whether under seal or by parol, if their legal interest be joint, they must all join.—1 Chitty, p. 3, 4, 5.   This shows that the rule is so powerful, that forms in many instances give way in favor of the party or parties who have the legal interest: and the suit

CHITTENDEN,
January,
1834.
—————
Geer
vs.
School District
in Richmond.
must be in favor of one or more, as the interest is joint or several.    And why should not this be the criterion? Why should one person sue alone for a debt that belongs equally to others; or several sue for that which belongs to one alone?    In either case, other suits might be required to place the damages recovered in the hands of those to whom they belong.

From this view of the law, it would seem that the plaintiff alone could sustain this suit, and that the other committee need not, and indeed probably *could* not, join.

But it has been argued that the duties of the committee were joint, and so must be the liability of the district.

These duties may, in some sense, be considered joint; or rather, not several.  The committee were appointed by the district to finish and repair the school-house ; that is, to cause it to be done.  This was a public trust, or power; and as such, can be executed by a majority—although under private power in general all must act.  Suppose two of the three had employed several persons, not of the committee, to perform parts of the repairing, or to furnish materials, could there be a question that their claims would have been several, and would have been against the district, in the absence of any special contract to the contrary?  But instead of doing so, they parcelled out the job among themselves, each two agreeing that the third should have such a portion.  The house was finished and repaired under this distribution—each one acting for himself in doing it.  And what legal objection could there be to this, as the services to be performed are in their nature divisible?  It is not a general question of policy, like guardians contracting with their wards, or administrators bidding in property at their own sales, that we are called upon to decide, but merely the legal effect of this transaction—it having been made in good faith, as we are bound to presume—the case intimating nothing to the contrary.  Indeed, if the committee all contributed personally a portion of labor and materials, which by the vote they had a right to do, they must have kept separate accounts; and the district for whose benefit the expenditures were made, should have been, as they were, charged in the account.  We do not perceive why this is not like the common cases of se-

CHITTENDEN,
January,
1834.

Geer
vs.
School District
in Richmond.

lectmen and bank directors, a majority of whom, have the general power to act, but individuals among them perform particular services, as going to other towns, or to cities, on business that requires but one ; and each has a separate account, for business done under the direction of the board. In these cases, it never was supposed that their claims were joint.

According to the views we have of the case, it is not necessary to decide whether the parol evidence offered of the allowance of the separate account of the committee by the district, ought to have been received or not, as the plaintiff was entitled to recover without such evidence.

The judgment of the county court is reversed.

PHELPS, J., *dissenting.*—It is conceded that the authority conferred on the plaintiff and his associates, by the vote of the district, was a joint one, and that the concurrence of a majority of the committee at least was necessary to bind their employers. If so, it is difficult for me to conceive how each of the three can be considered as authorized to act separately and upon his own several responsibility and account. The idea that this committee can be resolved into three several committees of two each, and three several principals contracting with the corporation through the medium of their associates, is to my mind altogether artificial and inconsistent with the obvious intent of the corporation. To suppose such a construction of their vote to be intended by them, is to suppose them destitute of that very common sagacity which could not fail to discover, that such an arrangement must necessarily place the several members of the committee under a strong temptation to favor each other, at the expense of the district.

The vote in question undoubtedly authorized the committee to adopt either of the two courses which the purpose of their appointment required : that is, they might either proceed in the character of agents to contract with others upon the credit of the corporation, or they might make themselves principals contracting with the corporation, by assuming to themselves to do the repairs, relying upon the vote as the consideration and warrant for their

CHITTENDEN,
January,
1834.

Geer
vs.
School District
in Richmond.

undertaking. The committee chose the latter course, and are therefore to be regarded, not as agents, but as principals. In this character they bring their several suits, and the question is, whether they can sue severally for their respective services and expenditures. Whether we consider the vote as a request to the committee to do the repairs, or as an authority to do them upon the responsibility of the corporation, which is the same thing, it appears to me that the authority was joint. Indeed if the authority is joint in case they elect to act as agents merely, I cannot see why it should not be so if they choose to do the repairs themselves. If I agree with three persons to build me a house, it is very clear that they cannot subject me to three several liabilities by subdividing their job. And even if no particular agreement is made, but their compensation is left upon the footing of a *quantum meruit*, the rule is the same.

There are also practical objections to sustaining several suits in this case. Supposing any disputes to exist as to the claims in gross, the defendants are subjected to litigate the same points in three several suits, and, what is worse, disagreements may exist between the members of the committee, which may subject the defendants to three several suits, in order to determine a controversy among the committee. To produce this result, we need only suppose the three individuals to claim the compensation for one and the same item of expenditure; and we have not only three suits against the defendants, where otherwise none would occur, but we subject the defendants to the risk of paying a second or third time, in consequence of conflicting decisions.

Had the committee employed other persons to do the repair, acting as agents merely, the case would have been different. But here they undertook the job jointly, and the distribution of it among themselves was a mere arrangement for the division of labor.

The case of selectmen of a town, or directors of a bank, is widely different. They are general agents, with multifarious powers and duties. There is a wide difference between employing two men in such a capacity, and contracting with them to build a house.

I confess I am extremely averse to sanctioning the ar-

rangement made by the plaintiffs, (for each has his suit pending.) There is undoubtedly some controversy as to the claims between them and their employers. If they are permitted to sever in their suits, and be witnesses for each other, they come into court with an immense advantage ; and I doubt much whether this is calculated to promote either their own fairness and impartiality as witnesses, or the purposes of justice in the ultimate decision of the controversy.

In my opinion, the judgment below is right.