WILLIAM ANGUS *v.* GEO. S. ROBINSON AND ANOTHER, ADM'RS.

*Pleading. Joint Contract. Severance. Parties.*

The principle, that joint contractors must all sue upon their joint contract, is not varied by the fact that one of them has been settled with, unless all the parties agree to the severance of the joint interest, and the obligor promises to pay each his several share, and the suit is based upon the new promise.

ASSUMPSIT. Heard on demurrer to the fourth count in the declaration, February Term, 1885, Ross, J., presiding. Demurrer sustained. The case appears in the opinion.

*Crane & Alfred*, for the plaintiff.

The count sets out the contract as inducement only. The gist of the action is the recovery of one-half of the $14,000 due from Robinson to Angus and Goff, and one-half the par value of the bonds deposited as security. The transaction between Robinson and Goff worked a severance of the contract, and by it Robinson impliedly agreed to account with Angus for his part; and hence he can maintain this action in his own name. SWIFT, Ch. J., in *Beach* v. *Hotchkiss*, 2 Conn. 697, says: " Where there is a joint interest, or a joint cause of action, all the parties in interest must join in a suit to recover it; but where a severance is made by the party to the claim

by paying to one or more his or their proportion of the debt or interest, there the others may bring their separate actions against him, for he has, by his own act, severed the cause of action." PHELPS, J., in *Ambler* v. *Bradley*, 6 Vt. 119; *Austin* v. *Walsh*, 2 Mass. 401; *Bunn* v. *Morris*, 3 Caines, 54; *Hall* v. *Leigh*, 8 Cranch, 50; *Stedman* v. *Shelton*, 1 Ala. 86. PARSONS, J., in *Baker* v. *Jewell*, 6 Mass., says: " If one man is legally answerable in a personal action to two or more persons jointly, if he will settle and adjust the controversy with either of them, so that he has no longer an interest in the dispute, this is a severance of the cause of action as to any or all of the parties."

The law implies a promise to pay the plaintiff. *Austin* v. *Walsh*, *supra*. The defendant estate cannot suffer by the non-joinder of Goff. *Cumming* v. *Blaisdell*, 43 Vt. 382; *Smith* v. *Foster*, 36 Vt. 705; *Maynard* v. *Briggs*, 26 Vt. 94.

*Edwards*, *Dickerman & Young*, for the defendants.

The suit is improperly brought in the name of Angus alone. Whatever promise was made by the intestate was made to the plaintiff and Goff. The consideration passed from them jointly; consequently the action should have been brought in their names. *Hall* v. *Huntoon*, 17 Vt. 251; REDFIELD, J., in *Crampton* v. *Ballard's Admin'r*, 10 Vt. 251; 1 Chit. Pl. (10th ed.) 3, 9; *Sunapee* v. *Eastman*, 32 N. H. 470; *Hill* v. *Tucker*, 1 Taunt. 7. Where a broker was employed to sell a ship belonging to three part-owners, and having paid to two of them their shares of the proceeds of the sale, it was held that the third part-owner could not maintain an action in his own name for his share. *Hatsall* v. *Griffith*, 2 C. & M. 678; *Jellison* v. *Lafonta*, 19 Pick. 244; *Halliday* v. *Daggett*, 6 Pick. 359; *Lodge* v. *Rondeau*, 5 E. C. L. 352. All joint covenantees who may sue must sue. *Petrie* v. *Burys, Ex.*, 10 E. C. L. 165.

When an instrument is jointly executed to several, one of the joint payees or obligees may sue in the name of all without

their consent. *Mountstephen* v. *Brooke*, 18 E. C. L. 217 ; *Chambers* v. *Donalson*, 9 East, 470. The plaintiff and Goff were connected together by unity of interest and unity of title ; and one cannot bring a suit without joining the other. They had the legal interest. *Decharms* v. *Horwood*, 25 E. C. L. 251. · They never divided their joint interest, but held it in common ; and whatever was received by Goff was to the joint interest of both. *Doolittle* v. *Dwight*, 2 Met. 561. SHAW, Ch. J., on this point says : " Although either party might receive the whole, or any part of the sum thus due to both jointly, and give a discharge, yet the receipt would be on joint account, and the party receiving would be responsible to the other for half of the amount so received." " If the promise on which a suit is brought is made jointly to two or more persons, they must all, if living, join in the action, or they will be nonsuited on the trial." *Gould* v. *Gould*, 6 Wend. 263 ; *Wright* v. *Post*, 3 Conn. 142.

Joint tenants must jointly sue upon a contract relating to the estate, which is made by or inures to the benefit of all. 1 Chit. Pl. 13, n. The plaintiff and Goff could not so divide their claim as to entitle either of them to bring a suit in his own name. *Peters* v. *Davis*, 7 Mass. 257 ; *Wetherell* v. *Langston*, 1 Exch. 634 ; 1 Rap. & L. Law Dic. 688 ; *Fairlie* v. *Denton*, 15 E. C. L. 198 ; BEST, J., in *Wilson* v. *Coupland*, 7 E. C. L., 131 ; Dicey, 66, 81, 100 ; *Read* v. *Young*, 1 D. Chip. 244 ; *Knight* v. *Blair*, Caledonia County, May Term, 1848 (not reported) ; *Roberts* v. *McLean*, 16 Vt. 608.

The opinion of the court was delivered by

POWERS, J. The fourth count demurred to sets out a contract made by the plaintiff and Goff jointly of the one part and the defendant's intestate of the other part, whereby certain stock and bonds of the Montreal, Boston and Portland Railway were sold to such intestate, and certain labor was to be done upon said railway as part consideration for such sale. It also avers the delivery of certain other bonds by said Angus

and Goff to the intestate to ensure the performance of their contract. It further avers full performance of the contract by Angus and Goff.

In this posture of things the plaintiff discloses a perfected right of action in Angus and Goff to recover the unpaid purchase money of the stock and bonds sold, and also the bonds put up as collateral or their proceeds, if converted by the intestate to his own use.

The count further avers that after performance by Angus and Goff of the contract on their part, the intestate settled with Goff for his interest in the contract and his interest in the collateral bonds; and the plaintiff's contention is, that he may now maintain an action in his own name to recover one-half the unpaid purchase-money and half the proceeds of the collateral bonds.

We think such action cannot be maintained.

The sale of the stock and bonds with the collateral undertaking to put the railway in running condition was the consideration of the intestate's promise. The delivery of the collateral bonds was a mere incident of such sale—a mere security for the performance of the principal contract by Angus and Goff.

If Robinson had contracted with Angus and Goff severally for the share of each in the stock and bonds, and promised them severally to pay for such shares, it would be quite another thing. But however as between themselves the ownership of the stock and bonds in truth was, the declaration states their interest to be "joint and equal," and sets them out as joint contractors; and the principle that joint contractors must all sue upon their joint contract is too elementary to require the citation of authorities.

Robinson's settlement then with Goff for his interest was in substance a satisfaction of the joint indebtedness *pro tanto*. What Goff received belonged to Angus and Goff, and the balance due from Robinson belongs to them jointly. It is not the case of the novation of a contract.

Angus *v.* Robinson.

If Angus, Goff and Robinson had mutually agreed upon a disintegration of the demand, and Robinson had promised to pay Angus his share, the case would be different. But here Angus was no party to the severance made by Goff and Robinson, and was not bound by it; and if it did not bind him, it did not bind them in respect to him..

The cases cited by the learned counsel for the plaintiff are not in conflict with this holding.

In *Hall* v. *Leigh*, 8 Cranch, 50, a consignee sold merchandize for two owners. But each owned one-half severally, which fact was disclosed in the consignment, and separate instructions for the sale were made.

In *Beach* v. *Hotchkiss*, 2 Conn. 697, defendant had paid one of several joint contractors his share of the common debt, but had not liquidated the account with the others. Assumpsit cannot be maintained by the others severally for their share.

Some language is used by the court giving support to the plaintiff's contention in the case at bar, but the result of the case is inconsistent with it.

In *Austin* v. *Walsh*, 2 Mass. 401, A & B jointly ship goods consigned to C to sell. After shipment A & B sever their interest in the adventure, and A gives B written directions to C to pay B his moiety. B shows this direction to C, who refuses to account to B, but says he will pay B if proceeds belong to him. It was held that the agreement between A & B to sever their interest would not entitle them to sue C severally unless after notice C had consented to it, and to account to each for his share. But *as the action was not on the original contract, but on C's promise to pay B if he was entitled, and he had shown he was entitled*, he might recover.

Without further review, the true. rule appears to be that where all the parties in interest in the joint contract agree to a severance of the joint interest, and the obligor promises to pay each his several share, each may sue therefor, the suit being based upon the promise to pay each severally, and not on the original joint promise.

Here the count is clearly in assumpsit, and the right of recovery is based upon the original undertaking.

The act of bringing the suit cannot in law be effectual to work a severance of the joint interest of Angus and Goff, and thus by way of a ratification of the unwarranted severance made by Goff and Robinson, give Angus a several action. The severance must first be made and a new promise must appear as the basis of the new right of action springing from the severance.

The judgment of the County Court sustaining the demurrer and adjudging the plaintiff's new fourth count insufficient is affirmed, and the case remanded.