## SCOTT DUNKLEE *v.* C. M. GOODENOUGH.

*Pleading former judgment in bar.*

A plea setting up a former judgment in bar is defective if it does not set forth that the issue in the former trial was upon the merits.

General assumpsit. Pleas, non-assumpsit and a special plea in bar. The plaintiff joined issue on the first plea, and filed a special replication to the second. Heard at the March term, 1890, Ross, C. J., presiding, upon the defendant's general demurrer to the plaintiff's replication. Demurrer overruled, and replication adjudged sufficient.

The defendant excepts.

The plea and replication were as follows:

PLEA.

"And for further plea in this behalf the defendant, by leave of the court here for that purpose, first had and obtained, according to the forms of the statute in such case made and provided, says that the plaintiff ought not to have or maintain his aforesaid action thereof against him, because he says that the said plaintiff heretofore, to wit: on the first day of December in 1887, at ten o'clock in the forenoon, in a Justice Court before Royall Tyler, Esq., a justice of the peace in and for the County of Windham, at Brattleboro, impleaded the said defendant for the not performing the very same identical promises and undertakings, and each and every one of them in the said declaration mentioned, and such proceedings were continued from time to time until the ninth day of January in 1888, at ten o'clock in the forenoon, at which last mentioned time the parties to said action submitted to said court their respective proofs and allegations thereon, wherefore said defendant, by the consideration and judgment of said court, recovered judgment in the said action for his legal costs, taxed and allowed at two dollars and fifty-three cents, from which said judgment said plaintiff then and there appealed to the next stated term of the court to be holden within and for

---

Dunklee *v.* Goodenough.

---

the County of Windham, as by the record and proceedings thereof still remaining with said court fully appears, but failed to enter said appeal in said court at said term thereof, wherefore said defendant prays judgment, if the plaintiff ought to have or maintain his aforesaid action thereof against him and for his costs."

### REPLICATION.

."And the said plaintiff as to the said plea of the said defendant by him secondly above pleaded, saith that the said plaintiff by reason of anything by the said defendant in that plea alleged ought not to be barred from having or maintaining his aforesaid action thereof against the defendant because he says, that though true it is that the said plaintiff impleaded the said defendant before said justice of the peace, for the cause therein mentioned, and the defendant filed a plea in abatement of said writ, in the words and figures following, to wit :

Scott Dunklee
        v.                     Before Royall Tyler, Esq.,
C. M. Goodenough.              Justice of the Peace.

And now the defendant comes and says that the writ in said suit was made returnable on the 5th day of December, 1887, at ten o'clock in the forenoon, at the office of Waterman, Martin & Hitt, in Brattleboro, in the county of Windham, and by the declaration therein contained the plaintiff declared against the defendant for money had and received by the defendant to the plaintiff's use, for money lent and accommodated by the plaintiff to the defendant, for money laid out and expended by the plaintiff for the defendant, for work and labor done and performed by the plaintiff for the defendant, for goods, wares and merchandise sold and delivered by the plaintiff to the defendant, for money found due from the defendant to the plaintiff on accounting, and for money due from the defendant to the plaintiff for the use and occupation of premises of the plaintiff, as by the writ and declaration on file more fully appears ; that by agreement of the parties before the return day of said writ the same was continued to this 19th day of December, 1887, at the same hour and place; that since said continuance the defendant has craved a specification of the claim of the plaintiff upon which said suit is brought, and it is now read to him ; that thereupon the defendant further says that said suit is brought to recover a demand for goods, wares and merchandise, to wit: one sewing machine, sold and delivered

by the plaintiff to the defendant, to wit: on the 16th day of October, 1883, and not upon any promissory note given in liquidation of said demand; that said sewing machine was sold and delivered by the plaintiff to the defendant in Newfane, in the county of Windham, and not in said Brattleboro; that at the time of the bringing of this suit the defendant resided, and has ever since resided, in said Newfane, and not in said Brattleboro, and that said suit should be brought and tried in said Newfane and not in said Brattleboro. Wherefore he prays judgment of said suit that the same may abate.

C. M. GOODENOUGH.

And the plaintiff joined issue on said plea and said plea in abatement was sustained by the Court, and the defendant recovered judgment for his legal costs, which are the same impleading and judgment set forth in the defendant's second plea, and the said plaintiff appealed from said judgment to the then next term of said County Court, and failed to enter said appeal in said Court as therein set fourth, but he says that after the rendition of said judgment, to wit: on the first day of March, A. D. 1889, before said term of Court, and before the comencement of this suit, and while said cause was pending on said appeal, he discontinued said cause and notified the defendant thereof, wherefore said appeal was not entered at said term of Court as set forth in the defendant's said plea; and this he is ready to verify; wherefore he prays judgment and his damages by him sustained by reason of the not performing of the said several promises and undertakings as in his declaration mentioned."

*Haskins & Stoddard*, for the defendant.

The replication does not contain any new matter which is an answer to the defendant's plea. The plaintiff had no right to discontinue his suit after the defendant had recovered judgment and an appeal had been taken. *Jennie* v. *Glynn*, 12 Vt. 480; *Dixon* v. *Sinclair*, 4 Vt. 360; *Newcomb et al.* v. *Peck et al.*, 17 Vt. 309.

*Waterman, Martin & Hitt*, for the plaintiff.

The judgment recovered by the defendant in the previous suit was not upon the merits of the cause and therefore not a bar to this suit.

Dunklee *v.* Goodenough.

Freeman Judg. § § 260, 265; Gould Pl. 296, 299; 2 Greenl. Ev. § 26; Chit. Pl. § 458.

The demurrer reaches the first defect. The plea is defective in not alleging that the issue in the former suit was upon the merits.

*Swift* v. *Hamblin*, Brayt. 189; Chit. Pl. § 647.

The discontinuance of the suit after appeal put an end to the action.

Gould Pl. 291; *Hill* v. *Dunlap*, 15 Vt. 645; *Ballou* v. *Ballou et al.*, 26 Vt. 673.

The opinion of the court was delivered by

TAFT, J. If, in the proceedings before Justice Tyler, the merits of the case were in issue and judgment rendered thereon, that judgment properly pleaded, is a bar to this action. The defendant sets forth in his plea that in that suit he was impleaded for not performing the very same identical promises, and each and every one of them upon which he is sued in this action, and that he recovered judgment for his legal costs. He does not aver that he recovered judgment as well on occasion of his performing, or not performing, the same identical promises and undertakings for which he was impleaded as for his legal costs and charges. It is not alleged in the plea that the trial was upon the merits, and therefore the judgment set up therein is no bar to the present action. The judgment may have turned upon a question not involving the merits of the action. Had the plaintiff replied *nul tiel record* and the defendant produced the record of such a judgment as is set forth in the plea, such a record would have proved the plea and entitled the defendant to a judgment, although the judgment set up in the plea would have been no bar to the action. The plea is defective, the judgment below was correct, the same is *affirmed and cause remanded*.