THOMAS A. DEROSIA *v.* PETER FERLAND.

February Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 14, 1912.

*Master and Servant—Employment Contract—Action for Breach —Construction of Declaration—Judgment—Res Judicata— Demurrer.*

All parts of a pleading are to be construed with reference to each other, and so, if possible, as to be consistent.

A count which alleges that plaintiff was hired by defendant as clerk and salesman; that he was wrongfully discharged by defendant, as a result of which plaintiff sustained designated losses, the total of which was due him "on account of said contract," makes claim for damages sustained by breach of the contract, and not for pay for constructive services.

The pursuit of a remedy that does not exist cannot constitute an estoppel by election of remedies, and so a judgment against a

discharged servant, in an action by him against his master to recover for constructive services after his discharge, is not a bar to a subsequent action for damages for breach of the employment contract by his discharge.

A defendant can invoke nothing in aid of his plea which is not therein alleged.

A plea of estoppel by judgment, not alleged to have been on the merits, is insufficient.

GENERAL ASSUMPSIT in the common money counts. Pleas, the general issue, payment, accord and satisfaction, a plea of estoppel by election of remedies, and a plea of estoppel by judgment. Heard on demurrers to the two last pleas, at the September Term, 1911, Franklin County, *Waterman,* J., presiding. Demurrers sustained, and pleas adjudged insufficient. The defendant excepted. This case has been once before in Supreme Court; see 71 Vt. 372.

*D. W. Steele* and *F. S. Tupper* for the defendant.

*C. G. Austin & Sons* for the plaintiff.

HASELTON, J. This is an action of special assumpsit in two counts. The defendant filed five pleas. The first three were respectively the general issue, payment, and accord and satisfaction. No question with reference to these is brought to this Court. The fourth plea sets out that the plaintiff cannot maintain this action because he has elected a different remedy; and the fifth plea relies upon an estoppel by the judgment of this Court. To each of the fourth and fifth pleas the plaintiff demurred generally and specially. The demurrers were sustained and the pleas adjudged insufficient. The defendant excepted and the case was passed to this Court before further proceedings.

Before considering the pleas the declaration will be examined. The first count sets up that the plaintiff was hired by the defendant to work as clerk and salesman in the defendant's store, that he was wrongfully discharged by the defendant, and that by reason of "the wrongful act of the defendant in so discharging him" he lost the value of his services and sustained various other losses. Following these allegations the plaintiff says that the total of the losses enumerated is due him "on ac-

count of the said contract." The defendant claims that in consequence of this latter phrase the plaintiff is seeking to recover for constructive services and not damages for breach of contract. But the allegations are to be construed together and so construed they base the right of recovery, not upon constructive service which is not recognized in this State, as was held when these parties were formerly here, but upon damages claimed to have resulted from the wrongful discharge of the plaintiff by the defendant.

A pleader, if his language will permit, is supposed to have intended that the parts of a plea be consistent with each other and they are to be construed with reference to each other, and the meaning of a phrase often depends upon the context. *Royce* v. *Maloney,* 58 Vt. 437, 445, 5 Atl. 395; *Stevens* v. *Gibson,* 69 Vt. 142, 145, 37 Atl. 244.

Applying this reasonable and approved rule we think the first count in the declaration goes only for damages claimed to have been sustained by breach of the contract on the part of the defendant.

The second count is, as the defendant concedes, for the recovery of damages for the claimed breach of contract, and so the same cause of action is set out in both counts. *Derosia* v. *Ferland,* 83 Vt. 372, 76 Atl. 153, 28 L. R. A. (N. S.) 577, 138 Am. St. Rep. 1092, Ann. Cas. 1912A, 295.

The defendant's fourth plea sets out the proceedings in the litigation, just referred to, between these parties in which litigation judgment was rendered by this Court in favor of the defendant, and relies on the doctrine of the election of remedies to defeat this suit. It appears from the plea that the plaintiff before the bringing of this suit had proceeded against the defendant on the contract here alleged, and that his declaration in that suit was in the common counts only, and that he sought in that suit to recover as for constructive service his wages subsequent to his discharge. The plea sets out that at the close of the evidence in the former case the defendant moved for a verdict on the ground that the plaintiff could not recover for unearned wages under the common counts, "and that if the plaintiff was entitled to recover any sum, it would only be by way of damages for breach of contract and upon a special declaration declaring upon the contract and breach thereof." This motion as we have seen was well grounded, and it shows

that the plaintiff had not made an election between two available remedies, but that he had mistaken his remedy; and as this Court has recently said "the pursuit of a remedy which does not exist is no bar." *Holbrook* v. *Quinlan Co.*, 84 Vt. 411. 80 Atl. 339.

The Holbrook case, and the cases therein cited, render discussion of this question superfluous.

The plaintiff has here pursued the remedy which the defendant by his fourth plea pointed out as a true one if he is entitled to recover at all.

The defendant by his fifth plea says that the plaintiff is precluded from saying that the defendant is liable for a breach of the claimed contract on the ground that by a former judgment of this Court "it was determined that the plaintiff should take nothing by his said writ in respect to the said debt in the plaintiff's declaration mentioned and that the said defendant recover his costs as by the record of said Court appears." This plea does not, as does the fourth, set out the proceedings in the former suit. Doubtless nothing which is not set out by the defendant in the plea can be invoked by him in aid of it. But he cannot well complain if we look into the fourth plea for the record to which he appeals. Indeed the fourth and fifth pleas appear to be intended by the pleader to be read together; for, while the other pleas are numerically separated, these are not. By looking into the record as set out in the fourth plea we see, as has already been stated, that the former case did not raise the question of the right of the plaintiff to recover damages in an action for a breach of the claimed contract, and that so the judgment in that case is no bar to this action. But if it is not permissible, as against the pleader, to look into his fourth plea in considering his fifth, then it must be said that the plea of estoppel by judgment is insufficient because it does not aver that the judgment was rendered upon the merits of the cause but only that it was adjudged "that the plaintiff should take nothing by his said writ in respect of the said debt in the plaintiff's declaration mentioned." *Dunklee* v. *Goodenough*, 63 Vt. 459, 21 Atl. 494.

The fourth and fifth pleas were both insufficient and the demurrers thereto were rightfully sustained by the Court.

The defendant, however, insists that if the pleas were bad they were good enough to meet the declaration which he says was also bad. Each plea was directed to the whole declaration,

and the general and special demurrer to the pleas raised the question of the sufficiency of the declaration as against a general demurrer.   But by way of anticipation we considered this question at the outset and determined that the declaration is good.

*Judgment affirmed and cause remanded.*