JOHN D. PIERCE *v.* VIVIEN E. MITCHELL.

Special Term at Brattleboro, February, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 9, 1914.

*Pleading—Insufficient Replication—Motion for Judgment—Discretion of Court—Demurrer—Judgment—Matters Concluded—Election of Remedies—Mistake as to Remedy—Effect.*

Assuming that, where the replication confesses, but fails to avoid, the plea, judgment may, on motion, be rendered for defendant, such motion is addressed to the discretion of the court, and may be denied where the replication tends to answer the plea and may be cured by amendment.

The discretionary action of the trial court will not be reviewed except to correct an abuse of discretion.

A motion for judgment on the pleadings cannot prevail unless, on the facts thereby established, the court can determine the rights of the parties and render final judgment between them.

Where the replication or other pleading of plaintiff fails to state facts
    sufficient to enable him to maintain the action, that objection
    should be raised by demurrer and not by motion for judgment.
A judgment for defendant in an action for deceit in the exchange of
    automobiles, does not bar a subsequent action of assumpsit for
    breach of the contract, for those are independent causes of action.
The pursuit of a remedy that does not exist is no bar, and so the
    bringing of an unsuccessful action for deceit in the exchange of
    automobiles is not an election of remedies, baring a subsequent
    action of assumpsit for breach of the contract, for in the prior
    action deceit was the gist, the *scienter* must be alleged and proved,
    and the contract was mere inducement.

CASE for deceit in the exchange of automobiles, Windham
County, September Term, 1913. *Miles,* J., presiding. Pleas, the
general issue and a special plea in bar relying on a former judg-
ment. Replication, *similiter* and a special plea relying on the
claim that the former judgment was in respect of a different
cause of action, though growing out of the same transaction.
Heard on the defendant's several motions for judgment upon de-
fendant's, second plea, and upon the pleadings. Both motions
overruled. The defendant excepted. Cause passed to the Su-
preme Court before trial on the merits. The opinion states the
case.

*Herbert G. Barber* and *Frank E. Barber* for the defendant.

*E. W. Gibson, A. V. D. Piper,* and *W. D. Smith* for the
plaintiff.

TAYLOR, J. This is an action of assumpsit for damages in
an exchange of automobiles. The defendant pleaded the general
issue and also a former judgment in bar. In reply to the plea
in bar the plaintiff alleged in substance that the cause of action
on which the defendant obtained judgment was, as set forth in
the plea, an action of trespass on the case for deceit, "that the
cause of action now pending * * * is one of special assumpsit
on contract and while growing out of the same transaction * * *
although the said representations and promises were not so made
as to amount to deceit, they are sufficient to support an action
for breach of contract * * * and said judgment in said deceit
action is in no way a bar to said action now pending between

the parties hereto of special assumpsit for breach of contract.''
The replication concludes to the country. The defendant filed
two motions for judgment, (1) upon the defendant's second plea
and the plaintiff's replication thereto, and (2) upon the plead-
ings in the cause. The court overruled both motions to which
several exceptions were allowed and the cause was passed to
this Court before trial.

The defendant contends that the replication confesses the
plea but does not attempt to avoid the same by allegation of new
matter and closes to the country. He argues that it is no answer
to the plea, nor any part thereof, and insists that his motion
for a judgment should have been sustained. Assuming, though
not deciding, that the court might render judgment on the
pleadings in case the replication confesses but fails to avoid the
plea, it does not follow that it would be reversible error for the
court to deny such a motion. It is a question of practice ad-
dressed to the discretion of the court, (31 Cyc. 605), and the rule
is too well recognized to require citation of authorities that this
Court will not review the discretionary action of the trial court
except to correct abuse of discretion. The court below may well
have overruled the motions as a matter of discretion. By doing
so the court was not committed to the theory that the replication
was sufficient. It signified no more than that the court was
not satisfied that defects, if any there were, could not be
cured by the amendment. In the circumstances, it would have
been unjust to the plaintiff to render judgment against him on
the pleadings, thus depriving him of an opportunity to amend
if necessary; while by denying the motions the rights of the de-
fendant were in no way prejudiced. The replication, though
perhaps insufficient if challenged by a demurrer, tends to state
an answer to the plea, and so the defendant should have raised
the question by demurrer. *Hart* v. *Scott,* 168 Ind. 530, 81 N. E.
481.

It was held in *Illinois Central Railroad Co.* v. *Adams,* 180
U. S. 28, 45 L. ed. 410, 21 Sup. Ct. 251, that motions are
generally appropriate only in the absence of remedies by regu-
lar pleadings, and cannot be made available to settle important
questions of law or to dispose of the merits of the case; and
in *Mills* v. *Hart,* 24 Colo. 505, 65 Am. St. Rep. 241, 52 Pac.
680, that a motion for judgment on the pleadings could not be
substituted for some other plea under the guise of a motion

for judgment; that such a motion cannot prevail unless, on the facts thereby established, the court can determine the rights of the parties and render final judgment between them; and that, if the replication or other pleadings of the plaintiff failed to state facts sufficient to entitle him to maintain the action, such objections should be raised by demurrer.

If considered on the merits, it seems doubtful whether the defendant would, in any event, be entitled to judgment on the pleadings. The plea alleges a judgment in his favor in an action on the case for deceit, while this action is assumpsit for breach of contract. Though both relate to the same transaction, they are independent causes of action. In the former, to recover, the plaintiff was required to prove *scienter*. Failing in that judgment would go against him in that action, but that judgment would not bar a recovery for breach of the contract. In the former action the contract now sued on was only matter of inducement. The gist of the action was deceit, while in the case at bar the action is founded upon breach of contract. *Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148.

The choice to sue in tort for deceit was not an "election of remedies" but the choice of a mistaken remedy. It turned out that he never had the remedy first selected, and so he is not precluded. The pursuit of a remedy which does not exist is no bar. *Holbrook* v. *Quinlan & Co.,* 84 Vt. 411, 420, 80 Atl. 339; *Derosia* v. *Ferland,* 86 Vt. 15, 83 Atl. 271.

It was not error to deny defendant's motion.

*Affirmed and remanded for further proceedings.*