## IRA I. HALL *v.* JOHN D. DORSEY.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed October 3, 1928.

*Frank E. Barber* and *Ernest W. Gibson, Jr.*, for the plaintiff.

*E. E. Moore* and *M. P. Maurice* for the defendant.

STATEMENT BY CHIEF JUSTICE WATSON. This is an action of tort brought under the statute to recover treble damages for cutting down and carrying away certain spruce and fir trees growing on land owned by the plaintiff in the town of Marlboro, this State, without leave of plaintiff. The answer is general denial and special defenses. The trial was by court, under the stipulation on file, more fully given below. The complaint is in two paragraphs, the first of which alleges that defendant on, to wit, the 10th day of November, 1925, with force and arms, broke and entered the plaintiff's close situated in the town of Marlboro, bounded and described as follows: * * * * * * * * and then and there, without leave from the plaintiff,· cut off and thereafter caused to be carried away, certain spruce and fir trees, then and there growing upon said close, to wit, 1,750 spruce and fir trees in excess of three inches and over in diameter at the stump, of the value of, to wit, one thousand dollars; and then and there converted the same to his own use against

the peace and contrary to the statute laws of this State. The second paragraph avers that this suit is brought under and by virtue of the provisions of section 6956 of General Laws, providing for the recovery of treble damages for the cutting, destroying or carrying away by a person of trees growing on the land of another person without leave from the owner of such lands, etc. Plaintiff claims damages in the sum of $2,500.00.

The special defenses set forth in defendant's answer are: That on November 25, 1925, the said plaintiff and his son Ralph M. Hall, the latter residing with the plaintiff on the latter's farm in the town of Marlboro, brought their action of contract against this defendant, returnable to the Windham county court, at the April Term thereof, 1926, therein alleging, etc.; further answering that said action was tried by jury at that term, and that at the trial the plaintiffs were not allowed to recover for the said trees, the value thereof, and the damages set forth in the complaint, because it then and there appeared that the sole ownership of said trees and premises whereon the said trees were cut, was in this plaintiff and not in the plaintiff and the said Ralph M.; further answering, defendant says that the premises set forth in said cause, the trees cut by the defendant, referred to therein, and all other matters and things there set forth, are the same trees and premises referred to in the complaint of the plaintiff in said cause; and that on account thereof, the said plaintiff has elected to treat the damages, if any, to which he may be entitled on account of the matters and things alleged and set forth in the complaint as a breach of contract between the parties, and not as a tort as set forth in the complaint; and by reason thereof said plaintiff should not have or maintain his said action against the defendant. Further answering, defendant says that he cut all said trees under and in accordance with the terms of his contract, and that he tendered to the plaintiff the price agreed by and between the parties, for all the trees cut and removed by defendant from the land of the plaintiff; that the plaintiff and his said son Ralph M., who then and there claimed to have some interest in the trees so cut and removed, refused to accept said sum so tendered, whereupon defendant paid the same to the clerk of court for the plaintiff; that plaintiff had judgment for the amount so tendered, which judgment was for the contract price to be paid for the privilege of cutting and removing said trees from said premises, and said

sum was paid by said clerk to the plaintiffs in full satisfaction of the purchase price for the said trees set forth in the complaint; that defendant did not cut or remove any other trees from the plaintiff's said premises, and so the latter has no cause of action against defendant.

The stipulation to which reference has been made reads:

"Whereas in this cause the defendant, by his answer now on file, has plead in paragraph numbered '1' a general denial; in paragraphs numbered '2' and '3' special defenses, claiming thereby that the bringing of a former suit by this plaintiff and his son, Ralph Hall, against this defendant, which was determined at the April Term, 1926, and is Docket No. 3176, constitutes an election of remedies and that by reason thereof, plaintiff is barred from maintaining this suit, and this plaintiff joins issue with the defendant, claiming that the former suit is no bar to the prosecution of this suit.

"Now THEREFORE, it is hereby stipulated and agreed that the transcript of the evidence and proceedings in the former trial, being case No. 3176 on the Windham County Court Docket, as certified to by the official stenographer, is hereby referred to and made a part of this stipulation for the purpose of testing the sufficiency of the defendant's answer as set forth in paragraphs 2 and 3, and to determine whether or not the proceedings in the former trial constitute a bar to the maintenance and prosecution of this suit; and each party hereto may use such portions of the transcript as may be necessary to properly present and determine the question so raised.

"The complaint and specifications, the defendant's answer and the docket entries of said cause may be used in connection with the transcript above referred to, and are a part of this stipulation.

"It is further stipulated and agreed that after judgment in said cause the plaintiffs accepted the money paid into the court as the tender in said cause; and that the plaintiffs paid to the defendant his taxable costs in said cause."

The foregoing stipulation was signed by each party through his attorney of record.

The record states that upon consideration of the matters set forth in this stipulation, "the court found as a matter of law that the plaintiff was not entitled to maintain this action, and rendered judgment for the defendant." To this judgment plaintiff excepted.

The record further states that the questions of law presented by the matters set forth in said stipulation and by this bill of exceptions are certified to the Supreme Court for determination before trial upon the merits.

In addition to the complaint and answer in the instant case, the complaint, specifications, the defendant's answer, the docket entries, and the certified copy of the transcript of the evidence and proceedings in case numbered 3176 on the docket of the Windham county court, entitled, Ira I. Hall and Ralph Hall against John D. Dorsey, "are hereby referred to and made a part hereof."

The record before us (by stipulation and as a part thereof) is made to include the transcript of the evidence and proceedings in the trial of the former case, and also the complaint, answer and docket entries therein. The action was brought on the common counts and two special counts. The first of the special counts alleges that on the day therein specified defendant "contracted with the plaintiffs for certain spruce and fir trees, commonly known as Christmas trees, of certain sizes and at certain prices to be cut and taken from the premises owned and occupied by the plaintiff; that it was agreed that said trees should be cut by the defendant in good, workmanlike manner, cutting such trees as were suitable for Christmas trees and not to cut trees that were above a certain size and trees that were growing and suitable for pulp wood." And (second special count) "that the defendant, notwithstanding said contract cut trees larger than those agreed upon and at a height of from two to six feet above the ground, leaving the stump worthless and thereby destroying said trees, and cut a large number of other of said trees in such manner as to actually commit waste to the real estate and premises of the plaintiffs; that the defendant has cut and removed a large quantity of large trees not intended for Christmas trees and not included in the sale aforesaid, and removed them from the plaintiffs' premises, all contrary to the contract

aforesaid and in violation of the terms and spirit thereof.'' Damages were claimed in the sum of $2,000.

WATSON, C. J. This cause was passed to this Court, under G. L. 2262, before final judgment, for hearing and determination on the exception to the judgment for defendant, which judgment, upon consideration of the matters set forth in the stipulation, fully made known in the statement of the case, was based on the finding of the court below as a matter of law that the plaintiff was not entitled to maintain this action. Adverting to the stipulation, it is seen that the specific ground of the judgment was that the bringing of the former suit by this plaintiff and his son, Ralph M. Hall, against this defendant, constituted an election of remedies, by reason whereof the plaintiff is barred from maintaining the present action. Whether such judgment can stand as well-grounded is the only question now here for review.

The plaintiff and his said son resided together on the farm, the absolute title and ownership of which were in the former. In November, 1925, the defendant contracted with them for certain trees, commonly known as Christmas trees, of certain size and at certain prices, to be cut and taken from said farm, it being agreed that said trees should be cut by defendant in good, workmanlike manner, cutting such trees as were suitable for Christmas trees, but not to cut trees that were above a certain size, nor trees that were growing and suitable for pulp wood. In the Christmas trees so contracted to the defendant, the plaintiff and his said son had such a joint interest that the trial court ordered a verdict for them jointly to recover the agreed price for the trees so contracted, and the verdict thus ordered was limited accordingly, the same being paid by plaintiffs' acceptance of the money previously tendered and paid into court by defendant.

The record before us further shows that in addition to the common counts on which the aforementioned directed verdict was had in the former suit, the complaint therein contained two special counts founded on the contract and declaring upon an alleged breach thereof by defendant's cutting trees larger than those agreed upon and at a height of from two to six feet above the ground, leaving the stumps worthless and thereby destroying said trees in such manner as actually to commit waste, doing

injury to the realty; and by cutting and carrying away a great number of large trees not intended for Christmas trees and not included in the sale aforesaid, all contrary to the contract and in violation thereof; claiming damages by reason thereof in a large sum mentioned.

In that case, on defendant's motion after the testimony was closed, the court withdrew from the consideration of the jury the matter of damages to the farm, resulting from any averred cutting of trees not covered by the contract, because the suit was joint and it had not appeared that the plaintiff Ralph M. Hall had any interest in the farm which would entitle him to such damages, if any there were. But at the same time the court ordered a verdict in favor of the plaintiffs jointly to recover for the trees within the contract, as already stated. The legal interest of the father and son in the Christmas trees contracted to defendant being joint, it was essential that the action to recover the contract price be brought in their joint names. *Geer* v. *School District*, 6 Vt. 76; *Angus* v. *Robinson*, 59 Vt. 585, 8 Atl. 497, 59 A. R. 758. But any cause of action, the legal interest of which was exclusively in one of the plaintiffs, could not be joined in that suit. *Haskell* v. *Bowen*, 44 Vt. 579.

It should seem to follow that causes of action based on the alleged unlawful acts by defendant in cutting and carrying away trees not within the scope of his contract, from land, the legal title and ownership of which were wholly in the father, as was also the legal interest in the trees so unlawfully cut and carried away, could not be joined in that suit; and the father's attempt in that joint action to charge the defendant with the damages resulting from such unlawful acts, under the mistaken belief by the father that such course was open to him in seeking satisfaction, did not preclude him from subsequent recourse to such remedy as the law afforded in the first instance. *Priest* v. *Foster*, 69 Vt. 417, 38 Atl. 78; *Holbrook* v. *Quinlan*, 84 Vt. 411, 80 Atl. 339; *Derosia* v. *Ferland*, 86 Vt. 15, 83 Atl. 271; *Pierce* v. *Mitchell*, 87 Vt. 538, 90 Atl. 577.

The judgment rendered for defendant operated to deprive the plaintiff of remedial rights to which he was entitled by law, and the exception thereto is sustained.

*Judgment reversed and cause remanded.*