## COUNTY OF ADDISON,

##### AT THE

### JANUARY TERM, 1879.

PRESENT :

Hon. JAMES BARRETT,
Hon. TIMOTHY P. REDFIELD,
Hon. JONATHAN ROSS, } ASSISTANT JUDGES.
Hon. WALTER C. DUNTON,

---

### CHESTER KINGSLEY v. JAMES FITTS AND ELIJAH AVERY.

#### *Agency.*

The fact and scope of an agency is to be determined not alone from what the principal may tell the agent to do, but also from what he knows, or, in the exercise of ordinary care, might know, the agent to be doing. Thus in case for deceit in the sale of an account that defendant A. was alleged to have sold as the agent of defendant F., there was evidence tending to show that F. told A. he would sell the account for twenty-five per cent. discount, to which A. replied that he had no money to purchase with; that F. then said, "Find me a purchaser;" whereupon A. went to plaintiff, told him how F. would sell the account, and represented it as valid and not subject to offset; that plaintiff concluded to purchase, and A. told F. he had found a purchaser, when F. said he would not sell at twenty-five per cent. discount, but would for a certain net sum; that A. then went back to plaintiff and informed him of what F. said, when plaintiff decided to take the account, and gave A. the sum named, to give to F., which A. did, whereupon F. directed A. to transfer the account to plaintiff, which he did. The court charged that the only evidence tending to show agency was the expression, "Find me a purchaser," and that that au-

thorized A. to find the purchaser and bring him to F., but not to sell the account and bind F. by what he might say in making the sale. *Held,* that the charge erroneously excluded from consideration what was done by A. with the knowledge and approval of F.

CASE for deceit in the sale of an account. Judgment was rendered against defendant Avery by default. Fitts alone defended under the general issue. Trial by jury at the December Term, 1878, PIERPOINT, C. J., presiding.

The facts, and the ground of the exception, taken by the plaintiff, are stated in the opinion of the court.

*Henry Ballard* and *C. F. Kingsley*, for the plaintiff.

It was error to restrict the jury to the one expression, "you find me a purchaser." The question of agency should have been submitted to the jury on all the evidence. *Smith* v. *Pinney*, 32 Vt. 282; *Ladd* v. *Lord*, 36 Vt. 194.

*E. R. Hard*, for defendant Fitts.

The charge was without error. But if not, judgment should not be reversed, if on the whole case the plaintiff is not entitled to recover. *Scott* v. *Niles*, 40 Vt. 573; *Armstrong* v. *Colby*, 47 Vt. 359; *Sampson* v. *Warner*, 48 Vt. 247. And he is not, for, whether Avery had authority or not, he did not professedly so act. He acted in the interest of the plaintiff. Besides, there is no proof that Dyer's set-off existed at the time the account was sold.

The opinion of the court was delivered by

ROSS, J. The testimony of the plaintiff and of defendant Avery tended to show that the defendants, who were copartners, had an account for sawing lumber, against John M. Dyer; that Fitts became the sole owner of the account; that he told Avery he would sell it for twenty-five per cent. discount, and, on Avery's saying he had no money to purchase with, Fitts said to him, " Find me a purchaser "; that thereupon Avery went to the plaintiff, told him how Fitts would sell the account, and that the account was a valid account; that the contract which they had had with Dyer in regard to manufacturing lumber had been all settled up;

that Dyer had no account against them by which their account was in any measure paid; that the plaintiff concluded thereupon to purchase; that Avery told Fitts he had found a purchaser who would take the account at twenty-five per cent. discount; that Fitts then said he would not sell the account for twenty-five per cent. discount, but would sell the account—being for $121—for $100; that Avery went back to the plaintiff and informed him what Fitts said, when the plaintiff concluded to take the account, and gave Avery $100 to hand Fitts for it, which Avery did; and that, with Fitts's direction and assent, Avery transferred or indorsed the account to the plaintiff; that subsequently the plaintiff brought a suit on the account in the defendants' names, in which Dyer plead an account in set-off, and recovered a balance in his favor. The plaintiff and Fitts had no interview about the sale of the account, and it does not appear that Fitts knew at the time he received the $100 who the purchaser was. On this testimony the County Court in charging the jury in substance told them that all the evidence there was tending to show that Avery was Fitts's agent to sell the account, was the expression, " Find me a purchaser," and that only authorized him to find a purchaser and bring him to Fitts, that such purchaser and Fitts might personally trade, and did not authorize Avery to sell the account, and bind Fitts by what he might say in making the sale. We think this was limiting the scope of this testimony too narrowly, to the prejudice of the plaintiff. It excluded from the consideration of the jury in determining the scope of Avery's authority in the transaction what was done by him in that behalf with the knowledge and approval of Fitts. Fitts knew the account belonged to him, that Avery professed that he was not purchasing himself, that he was having no communication with the purchaser except through Avery. If, therefore, he made a sale of the account to any third party, it was through Avery at his request to have him find a purchaser. He knew, also, that he received $100 from the purchaser through Avery; and that Avery was the medium through whom he communicated with and effected the sale of the account to such purchaser. The scope of an agency is to be determined not alone from what the principal may have told the agent to do, but from

what he knows, or in the exercise of ordinary care and prudence ought to know, the agent is doing in the transaction. If A make a sale of B's horse without any antecedent authority to C, and B delivers the horse and receives payment, knowing that it is a sale by A as his agent, although he is not informed of the purchaser's name, nor of the conditions of the trade, he will ordinarily be bound by its conditions. He cannot take the avails of the trade made by his agent without being bound to fulfill its conditions. The case is quite analogous in many of its features, both as to its facts and the charge of the court, to *Fay* v. *Richmond*, 43 Vt. 25.

Although not specially raised by the exceptions nor on the argument, it is worthy of consideration whether by the sale of the account without any representations, the plaintiff did not guarantee that the account was a subsisting account to its full amount, unaffected by any account in favor of Dyer which the defendants should have credited and which Dyer had the right to have applied in payment of the account sold. It is true that the purchaser of an overdue chose in action takes it subject to all equities and defences existing in favor of the person whom it is against; but does this well-settled principle relieve the vendor from making good to the purchaser, not the collectibility of the claim nor the pecuniary responsibility of the debtor, but his title to it as a subsisting claim to the full extent for which it is sold? We express no opinion on this feature of the case, because not presented by argument, and not necessary to a proper disposition of the case. On the other ground, the judgment of the County Court is reversed, and a new trial granted.