W. D. BALL, ASSIGNEE, *v.* ANSON J. SAWYER AND MARY E. SAWYER.

*Fraudulent conveyance. Bill by assignee. Parties.*

1. The orator was the assignee of the defendant husband. The bill alleged that, being in contemplation of insolvency, the husband had put into the hands of his wife $4,000 in money, in fraud of his creditors, which she retained and refused to deliver to the orator. *Held,* on demurrer, that the bill could not be maintained: (a) It was not a bill of discovery, for there was no inquiry as to what had been done with the money, and an answer under oath was waived; (b) if the conveyance was a fraudulent one under the insolvent law it was void, and an action at law afforded ample relief, unless some special remedy was sought, (c) which in this case was not, for there was no allegation that the money was still in the possession of the defendants or had gone into property which a decree of the court could reach.

2. In view of probable further proceedings the court says: (a) That if properly framed for a discovery, the bill might have been entertained as such; (b) that no special remedy is prescribed for the recovery of property conveyed in fraud of the insolvent law, but that the assignee may resort to any appropriate proceeding at law or in equity.

3. In a suit like this the husband is a proper but not a necessary party.

Bill in chancery. The defendants demurred and the cause was heard on the demurrer at the December Term, 1889. TAFT, Chancellor, dismissed the bill *pro forma.* The orator appeals.

The defendants are husband and wife and the orator is the assignee of the insolvent estate of the husband, Anson J. He was appointed June 25th, 1889. It did not appear when the petition of insolvency was filed, but the bill alleged that the $4,000 was deposited in the hands of the wife by the husband previously thereto, in contemplation of insolvency and in fraud of his creditors. The other allegations of the bill sufficiently appear in the opinion.

*W. H. Leonard* and *C. B. Eddy,* for the orator.

Equity and law have concurrent jurisdiction over frauds and fraudulent conveyances. Wait Fr. Con. (1889 Ed.) s. 51, p. 81, note and citation; Bispham Eq. s. 242; 1 Story Eq. s. 377;

Ball *v.* Sawyer and Wife.

*Cady, Assignee,* v. *Whaling et al.,* 7 Biss. 430; *McLane, Admr.* v. *Johnson,* 43 Vt. 48–61; 6 B. Mon. 24; *Verselius* v. *Verselius,* 9 Blatchf. 189; *Pennsylvania* v. *Wheeling Bridge Co.,* 13 How. 518; *Hale* v. *Continental Life Ins. Co.,* 12 Fed. Rep. 359.

An assignee may file a bill to set aside a fraudulent conveyance by the insolvent. *Pratt* v. *Curtis,* 6 Nat'l Bank Reg. 139; Bump. Fr. Con. (3d Ed.) 544; *Glenny* v. *Langdon,* 98 U. S. 20; 1 Nat'l Bank Reg. 542; *Englebert* v. *Blanjot,* 2 Whar. 240: *Welsh* v. *Welsh,* 10 Mass. 229; *Holland* v. *Cruft,* 20 Pick. 328–31.

Nor need he first invoke the aid of an execution. Bump Fr. Con. (3d Ed.) 545; *Cady* v. *Whaling,* 7 Biss. 430; *Southard* v. *Beemer,* 72 N. Y. 424; *Welsh* v. *Welsh,* 105 Mass. 229.

This bill prays for an accounting. *Raynham* v. *Trustees,* 23 Pick. 148.

And the orator has no adequate remedy at law in the premises. *Burlingame* v. *Bell* 16 Mass. 318; *Gibbens* v. *Peeler,* 8 Pick. 258–260; *Kneil, Admr.* v. *Egleston, Admr.,* 140 Mass. 202; *Thompson* v. *O'Sullivan,* 6 Allen 303; *Ayer* v. *Ayer,* 16 Pick. 337; *Smith* v. *Hodson,* 2 Sm. L. C. pt. 1, p. 129; *Place et al., Exr.,* v. *Sedgwick,* 95 U. S. 3; *Lawrence* v. *Bank of Republic,* 3 Rob. (N. Y.) 155; *Hendricks* v. *Robinson,* 1 N. Y. Ch. (Law. Ed.) 382, note; *Russell* v. *Clark's Exrs.,* 7 Cranch 69; *Ayer* v. *Murray,* 105 U. S. 129.

*W. W. Stickney* and *J. C. Baker,* for the defendants.

The husband is not a proper party. *Hastings* v. *Belden,* 55 Vt. 273; *Roberts* v. *Lund,* 45 Vt. 82; *Buffington* v. *Harvey,* 95 U. S. 99.

The remedy at law is sufficient to obtain relief from this fraudulent conveyance, if it be one. R. L. ss. 1860, 1861; *Bassett* v. *Hotel Co.,* 47 Vt. 313; R. L. ss. 1839, 1874, 1844, 1875.

And the assignee has therefore no standing in equity. *Thayer* v. *Smith,* 9 Met. 469; *Clark* v. *Jones,* 5 Allen, 379.

Ball *v.* Sawyer and Wife.

It does not follow, on the allegations of the bill, that this was a fraudulent conveyance. The husband may pay a debt which he owes his wife, and a debtor may lawfully prefer one creditor to another. *Atlantic Bank* v. *Tavener,* 130 Mass. 407 ; *Metsker* v. *Bonebrake,* 108 U. S. 66 ; Powers, J., in *Warren* v. *Ranney,* 50 Vt. 653 ; Bump Bankr. 347.

A bill against the wife will only lie to recover the specific property which she has received. There is no allegation here that she received or has any specific property which a decree can reach. *Phipps* v. *Sedgwick,* 95 U. S. 3 ; *Trust Co.* v. *Sedgwick,* 97 U. S. 304 ; *Huntington* v. *Saunders,* 120 U. S. 78.

The opinion of the court was delivered by

Ross, J. The orator is the assignee in insolvency of the defendant Anson J. Sawyer. The defendants are husband and wife. The assignee represents the creditors of the insolvent, and the bill is in the nature of a creditor's bill. The demurrer admits the facts set forth in the bill, which are well pleaded. The contention is whether the facts thus admitted are sufficient to enable the orator to maintain this suit in equity. In 3 Pom. Eq. Juris. s. 1415, it is said : "The jurisdiction of equity to entertain suits in aid of creditors undoubtedly had its origin in the narrowness of the common law remedies by writs of execution. These writs, issued by courts of common law, besides being otherwise limited in operation, were of course confined to those estates and interests equitable in their nature. Creditors' suits were therefore permitted to be brought in those instances where relief by execution at common law was ineffectual, as for a discovery of assets, to reach equitable and other interests not subject to levy and sale at law, and to set aside fraudulent conveyances and obstructions. * * * * It is a necessary result from the whole theory of creditors' suits that jurisdiction in equity will not be entertained where there is a remedy at law." We recognize this to be a general statement of the law in regard to the right to entertain such bills.

Ball *v.* Sawyer and Wife.

The substantial facts alleged in the bill are that the defendant Anson, being indebted to the amount of about $4,000, in. May, 1889, by two mortgages upon his property, raised nearly $6,000 and deposited and put into the custody of his wife $4,000 of it, either as a gift or voluntary conveyance made to hinder and delay his creditors or in payment of a debt to her under such circumstances that she had reasonable cause to understand that it was made to give her a fraudulent preference over his other creditors. This bill was brought the 20th of August, 1889. Much of it is upon information and belief. It alleges that if she retains the $4,000 he is insolvent; that the defendants neglect and refuse to surrender the $4,000, and keep the same concealed from the orator; and that beyond the $4,000 they are not possessed of sufficient property to respond or account therefor to the orator. It fails to allege, affirmatively, that when the bill was brought either of them had the money in their possession or control or what they had done with it. It alleges that the orator is entitled to the possession thereof, in whatsoever form and wherever situated; and prays for an accounting and an immediate delivery and conveyance thereof to the orator. It is devoid of inquiry whether the defendants have the money on hand or what they have done with it, and answers upon oath are waived. It therefore has not the proper elements of, and cannot be maintained as, a bill for discovery. *Huntington* v. *Saunders*, 120 U. S. (L. C. P. Co. 30, 380). The property alleged to have been conveyed was money, which has no earmark, the title to which passed by delivery. If the conveyance was fraudulent under the insolvent law, because made to give and received to gain a preference over the insolvent's other creditors, it was void, R. L. 1860, and it was unnecessary to invoke the aid of the court of equity to set aside the conveyance. Such conveyance is unlike a fraudulent conveyance of real estate by deed, which is spread upon the land records, and although void, would remain a cloud upon the title unless set aside by a court of equity. Hence there was no necessity to resort to equity to set aside the conveyance of the money. . Such conveyance could

Ball *v.* Sawyer and Wife.

be no cloud upon the orator's title to the money if he could ever obtain possession of it. The only obstruction which the convey- ance of the money from the husband to the wife could be to the orator was the placing of it where he could not readily take hold of it at law. Hence the only ground upon which the bill can be maintained is the necessity to seize and secure the identical money, or to follow and take the property into which it has gone. The question then arises, is the bill drawn with sufficient facts and details to enable the orator to maintain it on this ground? We think not. While it alleges that when the mort- gages were given in May, 1889, the husband delivered $4,000 of the money received to the wife, it is silent whether the money remained in her or his hands, when the bill was brought in the August following, or, if disposed of, how, or what property or evidence of property had been procured with it. On the demur- rer the bill stands as if taken *pro confesso.* What decree for the money or property secured therewith could be taken or enforced? No decree could be taken for a delivery back of the money, for it is not alleged that either of the defendants have it, nor is it alleged that it has gone into any particular property or evidence of property for which a decree can be granted. For aught that appears the defendants may have spent every dollar of this money in their support or have lost it in unprofitable investments. The orator cannot invoke the aid of the court to make a decree that may not reach anything. The defendants cannot be decreed to deliver to him what he has not even alleged they have in their control or possession, nor can the orator call upon the court to make a decree that the defendants shall deliver what they have without giving them or the court notice what the thing is that the decree calls for. An injunction is prayed for, and it is said one was granted. It does not appear from the record furnished this court. If so, from the allegations in the bill, what specific thing could the court enjoin them from doing on which, if they did or failed to do, it could lay its fingers and declare them in contempt? Could it enjoin them from conveying away the money? It is not alleged they,

Ball *v.* Sawyer and Wife.

or either of them, had it when the bill was brought. Could it enjoin them from conveying away the property procured with the money? It is not alleged they, or either of them, had procured any such property, or if so, that they, or either of them, then had it in possession or control. There are no, proper and sufficient allegations to sustain an enforceable injunction or decree for the delivery of specific money or property. The solicitors contend that they are not entitled to a money judgment *in personam* against the defendant wife, and make that the basis of asking aid of a court of equity. Hence we have not considered whether he is entitled to such a judgment. If so, his remedy might be at law under the act 140 of 1884. We refrain from deciding whether it would be so. If the bill had been properly framed for a discovery, after the discovery, an injunction or decree for a delivery back of the identical money, or the property procured with it, could have been made. Hence, we conclude that the bill, in its present form, cannot be maintained, without considering several of the objections insisted upon by the defendants' solicitors. As the bill goes back for further proceedings, it perhaps is required of us to say that we are unanimous in the opinion that, if the conveyance or payment of the money by the husband to the wife was void under R. L. 1860, the insolvent law does not provide for any exclusive remedy for its return or recovery, but that the orator may use any appropriate remedy at law or in equity to accomplish that, and we also think that while the husband, on the facts set forth in the bill, may not be a necessary party defendant, he is a proper party.

*The decree is affirmed and cause remanded.*