## L. F. TERRILL, *v.* F. P. TILLISON.

January Term, 1903.

Present: TYLER, MUNSON, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed February 25, 1903.

*Promissory note—Consideration—Forged bond—Representations of payee's agent—Res gestae—Motion for verdict—Instructions.*

A note procured by the representation that it was to discharge an obligation which the signer had assumed, but which in fact was to discharge a bond to which such signer's name had been forged, is without consideration.

One who entrusts a note to another with directions to procure a third person's signature thereto, makes such person his agent for that purpose; and such person's representations as to what the note is for are within the scope of his agency.

When the record does not disclose the grounds on which a motion for a verdict was based, an exception to the overruling of the motion will not be considered.

That the obligees of a forged bond accepted it in good faith and assumed obligations relying upon it, affords no consideration for a note fraudulently procured to discharge liability thereon.

A request to charge, which there is no evidence to support, is properly refused.

When one alternative of a request to charge is unsound, the whole may be disregarded.

GENERAL AND SPECIAL ASSUMPSIT. Pleas, the general issue and four special pleas in bar. Trial by jury at the September Term, 1902, Chittenden County, *Start,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*L. F. Wilbur* for the plaintiff.

13

The motion for a verdict should have prevailed, because if the note was obtained by fraud, there was no offer to rescind. *Matteson* v. *Holt,* 45 Vt. 336; *Safe Co.* v. *Lesdale,* 48 Vt. 83; *Downer* v. *Smith,* 32 Vt. 1; *Norton* v. *Gleason,* 61 Vt. 474; *Rubber Co.* v. *Adams,* 23 Pick. 256; Clark on Contracts, 291, 385; *Yeates* v. *Hines,* 24 Mo. App. 619; 1 Dan. Neg. Ins., 194.

This question is one of law. *Bassett* v. *Brown,* 105 Mass. 577; *Holbrook* v. *Burt,* 22 Pick. 546.

The refusal of the Court to charge that the burden was on the defendant to prove that a change had been made in the bond and to establish fraud, was error. *Beaman* v. *Russell,* 20 Vt. 205; *Boothly* v. *Stanly,* 34 Me. 515; *Russell* v. *Cook,* 3 Hill 54.

The defendant ratified the change and settled his liability by giving his note. *Forsyth* v. *Day,* 46 Me. 194; *National Bank* v. *Davis,* 100 Mass. 413; *Brigham* v. *Peters,* 1 Grey, 139; *Griggs* v. *Selden,* 58 Vt. 56; *National Bank* v. *Morgan,* 117 U. S. 96; *Freeman* v. *Cook,* 2 Exch. 658; *Blair* v. *Waite,* 69 N. Y. 116; *Canal Co.* v. *Hathaway,* 8 Wend. 483.

The plaintiff is not responsible for what George E. said to the defendant at the time the note was signed. *White* v. *Landon,* 30 Vt. 599; *Holbrook* v. *Burt,* 22 Pick. 554; *Walsh* v. *Insurance Co.,* 73 N. Y. 5; *Stainer* v. *Tysen,* 3 Hill, 279; Story on Agency, s. 127; *Insurance Co.* v. *Insurance Co.,* 4 Mo. 578.

The third and fourth requests should have been complied with. The plaintiff's good faith protects him. *Seman* v. *Seman,* 12 Wend. 381; *Bank* v. *Waring,* 2 San. Ch. 1.

*V. A. Bullard* and *Elihu B. Taft* for the defendant.

The testimony regarding the consideration of the note in question was proper, notwithstanding the words "value received" in the written contract. 1 Parsons on Bills, 175; *Smith* v. *Ide,* 3 Vt. 290; *Phelps* v. *Stewart,* 12 Vt. 256; *Patchin* v. *Swift,* 21 Vt. 292; *Academy* v. *Nelson,* 24 Vt. 189; *Perkins* v. *Adams,* 30 Vt. 230; *Allen* v. *Spafford,* 42 Vt. 116.

George E. was the agent of the plaintiff in obtaining this note, and what he said to induce the defendant to sign the note is evidence.

The Terrill-Whipple bond did not furnish a consideration for the note in suit. *Soules* v. *Soules,* 10 Vt. 236; *Twedd* v. *Martin,* 41 Mich. 216.

Nor is the receipt a consideration, since it was the discharge of no right held against the defendant. *Schroeder* v. *Frank,* 60 Md. 436; *Williams* v. *Nicholes,* 10 Gray 83; *Kircher* v. *Springer,* 4 Pa. Dis. Rep. 144. The defendant's retention of the receipt does not affect the question. *McCrane* v. *Hallack,* 30 Vt. 235; *Vail* v. *Strong,* 10 Vt. 457; *Gale* v. *Lincoln,* 11 Vt. 152; *Mattock* v. *Lyman,* 16 Vt. 113; *Hersey* v. *Barlow,* 23 Vt. 685; *Hill* v. *Pratt,* 29 Vt. 119.

An offer to rescind was not necessary, since it was a question of consideration. This is so if the question was one of fraud, alone. 2 Parsons on Bills, 521; *Wilbur* v. *Prior,* 67 Vt. 508.

WATSON, J. The execution of the note upon which the plaintiff seeks to recover was admitted by the defendant, but he claimed in defense that the note was procured by fraud and was without consideration. In support of this claim, and under exception by the plaintiff, the defendant was permitted to show that in the spring of 1897, the plaintiff, T. S. Whipple, and G. A. Terrill signed or indorsed notes for one George

E. Terrill, a son of the plaintiff, to the Howard National Bank of Burlington, to the amount of two thousand dollars, which they subsequently and before the execution of the note in question were obliged to pay; that before they would so sign or indorse any paper for George E., they required him to secure or indemnify them for so doing, whereupon George E. delivered to them a bond purporting to be signed by the defendant and five other obligors, for six thousand dollars, payable to the plaintiff, Whipple, and G. A. Terrill, conditioned that if the notes and papers which they were to indorse for said George E., not exceeding six thousand dollars, should be paid, then the obligation should be void, otherwise in force, and stating therein that it was understood and agreed that none of the signers of the bond should be held in an amount greater than one hundred dollars; that the body of the bond did not contain the names of any obligors, but that it had the names of what purported to be six signers at the bottom, and among them was the name of the defendant. The defendant's evidence further tended to show that neither the defendant nor any of the other of said apparent obligors ever signed said bond, but that their names had been cut off a bond running to said bank for four thousand dollars, which they had in fact signed for the benefit of said George E., and the same had been pasted to the bond first above mentioned; that after the plaintiff, Whipple, and G. A. Terrill had paid the paper which they had so signed to the bank, the plaintiff, seeking to get a settlement of the defendant's supposed liability on the bond for six thousand dollars, wrote the note in question and gave it to George E., telling him to get the defendant to sign it, but gave him no other instructions; and that when the defendant gave the note, he was informed by George E. that it was to discharge his liability on the said bond running to the bank, and he so sup-

posed, when in fact it was to discharge his liability on the said bond for six thousand dollars.

This evidence, if true, showed that the only consideration for the note was the defendant's liability on a bond which was never signed by him, nor by any of the obligors whose names were attached thereto, but that their names were cut off another bond which had been signed by them, and pasted to the paper on which was written the body of this bond, without their knowledge or consent. In these circumstances, thus attaching their names thereto was a forgery in law, the instrument was void, it could afford no consideration for the note in suit, and the evidence was properly received.

If this bond is a forgery, it was a fraud upon the defendant thus to procure from him the note in payment of any liability thereunder. The plaintiff made George E. his agent to get the defendant to sign the note, and it was within the scope of his agency, in so doing, to tell the defendant what the note was for. The plaintiff could not in reason suppose that the defendant would sign it without such information. The declarations and representations made by George E. to the defendant in that behalf to induce him to sign, were therefore within the scope of the agency, constituted a part of the *res gestae,* and were properly received in evidence. *Kingsley* v. *Fitts,* 51 Vt. 414; *Mason* v. *Gray,* 36 Vt. 308; *Limerick Bank* v. *Adams,* 70 Vt. 132, 40 Atl. 166.

At the close of the evidence the plaintiff moved for a verdict, and to the overruling of the motion the plaintiff excepted. He also requested the Court to instruct the jury to render their verdict for the plaintiff, and excepted to the Court's failure so to do. This request is but a repetition of the motion,—one asked for a verdict at the close of the evidence, and the other at the close of the arguments.

The record does not disclose the grounds upon which these motions were based, and the exceptions are therefore not considered. *German* v. *Bennington R. R. Co.,* 71 Vt. 70, 42 Atl. 972.

The third and fourth requests are based upon the contention that, even though the bond be a forgery, if such forgery was without the knowledge or procurement of the plaintiff, and if the plaintiff, Whipple, and G. A. Terrill took it in good faith, and, relying upon it, signed the notes to the bank, and have since paid them, and the note in suit was given by the defendant and received by the plaintiff in good faith in settlement of the defendant's liability on the bond, then the plaintiff was entitled to recover the amount of the note. But notwithstanding these parties thus acted in good faith, if the bond was originally a forgery, it remained so and afforded no consideration for the note.

The fifth request was to instruct the jury that George E. Terrill was the agent of the signers of the bond in procuring and delivering it to the plaintiff; and the sixth, that the burden of proving a change in the bond or of establishing fraud was on the defendant.

There was no evidence tending to show that George E. was acting as the agent of the signers of the bond, and therefore the fifth request was properly refused. And upon the evidence in the case the bond was either a genuine, valid bond, or it was a forgery. There was no evidence on either side that it had ever been changed. One alternative of the request being bad, the whole request could be disregarded. *Boyden, Admr.* v. *Fitchburg R. R. Co.,* 72 Vt. 89, 47 Atl. 409.

*Judgment affirmed.*