INEZ NORTON v. PERLEY W. GREEN.

February Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Record Should Show Reason for Transferring Law Action to Court of Chancery—Agreement to Cut Timber to Pay Debts —Executory Contract—Action for Damages Remedy for Breach—Implied License to Enter Premises to Cut Timber —Administrator Has No Authority to Permit Creditor to Cut Timber on Estate's Premises to Pay His Debt.*

1. The transfer of a law action to the court of chancery at the request and on the motion of the defendant, without the record

showing why a transfer was asked, or the reason for granting it, is too lax a procedure to be generally followed.

2. Where the plaintiff and her husband, who were indebted to the defendant, agreed that the plaintiff should cut and skid for the defendant enough hardwood timber on the husband's farm to pay the debt, and, failing to do that, the defendant might cut enough to pay any balance due him, the agreement was not a sale of, or a contract to sell, standing timber; and the defendant acquired no title to logs cut by the plaintiff until they were skidded, and no title to trees he might cut until they were severed from the soil.

3. Such contract, so far as it remained unperformed by the plaintiff, was executory, and the defendant's only remedy for a breach thereof was an action for damages.

4. The right given to the defendant by such contract to cut timber to pay his debt, if the plaintiff failed to do so, carried with it an implied license to enter upon the premises for that purpose, but such license could be terminated at any time, except as to the removal of logs actually cut.

5. An administrator has no authority to make an agreement with a creditor entitling the creditor to cut sufficient timber from lands of the estate to pay his debt.

ACTION OF TORT for entering plaintiff's close and cutting and removing certain trees. On motion of the defendant the case was transferred to the court of chancery. Heard by the Chancellor at the May Term, 1918, Windsor County, *Butler*, Chancellor. Decree for the plaintiff. The defendant appealed. The opinion states the case.

*Charles Batchelder* for the defendant.

*John J. Wilson* and *William Batchelder* for the plaintiff.

SLACK, J. [1] This action was commenced in the law court and was transferred by that court to chancery. The record does not show why a transfer was asked, or the reason for granting it. All that appears is the docket entry, "Ordered transferred to Chancery," and a statement in the finding of the chancellor that the transfer was made at the request and on the motion of the defendant. No objection appears to have been

made to the procedure adopted, so we take no notice of it, beyond the suggestion that it is too lax to be followed generally.

The only question here is whether the facts found by the chancellor are sufficient to support the decree. In substance they are these: The plaintiff is the widow of Eden J. Norton, who died intestate, March 14, 1915. At that time he owned a farm, which was his homestead, and which was decreed to the plaintiff by the probate court May 12, 1916. The defendant was a general merchant, and the plaintiff and her husband became indebted to him in the sum of one hundred and two dollars. He refused to extend further credit, and on January 2, 1915, the parties made an oral agreement by the terms of which the plaintiff, who was managing the farm during her husband's illness, was to cut and skid for the defendant enough hardwood timber then standing on the farm, at five dollars a thousand, to pay his claim, and, failing to do that, the defendant had the right to cut enough of the best timber on the farm to pay any balance due him, at three dollars a thousand on the stump. At the time of Eden's death, there was due the defendant sixty-two dollars, for which a claim was presented to, and allowed by, the commissioners on Eden's estate. Soon after the death of Eden, one Blackmer was appointed administrator of his estate. The defendant made an arrangement with Blackmer under which the defendant was to cut 20,000 feet of maple lumber on the farm, according to the terms of his contract with Eden and the plaintiff, to satisfy his claim; and Blackmer obtained the consent of the Ottauquechee Savings Bank, which held an overdue mortgage on the farm, to this arrangement, provided that he would select and mark the trees to be cut, and that the defendant would cut only trees so marked. Blackmer did not do this work himself, but procured it to be done by one Walker, who, assisted by the defendant, selected and marked such trees, and marked more than were necessary to satisfy the defendant's claim. The plaintiff denied that the administrator had any right to dispose of such standing timber without a license from the probate court, and "protested and strenuously objected to his making any arrangement to do so." She claimed all of the real estate and standing timber as her homestead and widow's share of her husband's estate, subject to the rights of the bank. The defendant, however, by force and against the protest of the plaintiff, who then resided on the farm, entered thereon and cut and removed 27,912

feet of logs from three hundred and sixty-five of the best maples. in the sugar orchard. The damage occasioned thereby was $365. There was no dispute as to the quantity of lumber cut by the defendant, and he conceeded that 20,000 feet should be credited to the plaintiff in satisfaction of his claim, and that she should be allowed four dollars a thousand for the balance of the lumber and ten dollars for the top wood, which was the value placed thereon by the commissioners on Eden's estate, to whom the defendant and administrator had submitted that question. It did not appear that the administrator had a license from the probate court to sell the standing timber, or that he had any authority to make the arrangement with the defendant that he did make, except the fact that he was administrator. In what the defendant did he was acting under the advice of counsel, and through mistake as to his legal rights.

[2] The defendant admits the general rule to be that a conveyance of standing timber is in effect a conveyance of an interest in real estate, and so, to be valid, must be in writing; but he insists that the facts found bring the instant case within the exception to this rule, that where trees sold are to derive no further benefit from the soil, but are to be taken away immediately, they become personalty, and that a contract for the sale of them does not need to be in writing. But the determination of this case does not require the application of either the general rule or the exception stated, because the contract proved did not constitute a sale of, or a contract to sell, standing timber. It was merely an agreement on the part of the defendant to furnish goods, and on the part of the plaintiff and her husband to pay for goods furnished, and to be furnished, in logs cut and skidded, at so much a thousand, with the further provision that if the plaintiff failed to cut and skid enough logs to pay for such goods, the defendant might cut, etc. Under this agreement the defendant acquired no title to logs cut by the plaintiff until they were skidded, and he acquired no title to trees that he might cut until they were actually severed from the soil.

[3] The contract, so far as it remained unperformed by the plaintiff, was executory, and the defendant's only remedy for a breach thereof was an action for damages.

[4] The right given the defendant to cut timber to pay his debt, if the plaintiff failed to do so, caried with it an implied license to enter upon the premises for that purpose, but such

license was liable to be terminated at any time, except as to the removal of logs actually cut, and the chancellor found that it had been terminated before the acts complained of were committed.

[5]   Such being the case, the defendant cannot justify his acts under the contract, nor is his situation improved by the arrangement which he made with the administrator, because, on the facts found, the latter had no authority in the matter.

*Decree affirmed, and cause remanded.*