FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, *v.*
SYDNEY E. BUTCHER ET AL.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed October 1, 1929.

*Frank E. Barber* and *Ernest W. Gibson, Jr.,* for the plaintiff.

*Carpenter & Clawson* and *H. E. Whitney* for the defendants.

WATSON, C. J. The allegations in the bill of complaint show that on about the 17th day of October, 1927, the plaintiff Fire Insurance Company (insurer), through its agent in Brattleboro, this State, on application of Sydney E. Butcher, the son of Ella G. Butcher (insured), issued to the latter the policy in question, No. 385,352, containing items as follows: Item No. 1, insurance on the main house $5,000; Item No. 2, insurance on household and personal property, $500; and Item No. 3, barn and addition, $1,500: Total $7,000. The policy contained a provision whereby the loss, if any, on real estate, was payable to John B. Manley, mortgagee, as his interest might appear, etc.

On the 21st day of November, 1927, the said buildings, together with more or less of said household and personal property, were destroyed by fire; that on January 24, 1928, the insured filed a purported proof of loss with the insurer company, stating that the fire occurred on the 21st day of November, 1927, from an unknown cause; that the premises at the time of the fire were unoccupied; that certain of the personal property covered by the policy, was totally destroyed, and that the full amount of the insurance was claimed for the loss of said personal property.

On the 10th day of July, 1928, the said insured and the Estate of John B. Manley brought a suit at law against the insurance company, returnable at the following September term of the Windham county court, for the sum of $7,500, seeking to recover upon the aforesaid items of the policy, the said suit being assigned for trial at that term of court. On the 14th day of September, the subpoena to this bill of chancery was signed by the chancellor, notifying the defendants therein to cause their appearance to be entered with the clerk of court, on or before the expiration of forty-two days from the date thereof, etc.; and to notify the said defendants to appear before the court of chancery at, etc., on the 20th day of the same month, then and there to show cause, if any they have, why the said law case should not be transferred to the court of chancery, and there heard and determined in conjunction with the issues raised by the allegations in the bill, and that until such hearing or until further order of court herein, the plaintiffs in the law case be restrained and enjoined from further prosecuting the same.

Each of the defendants demurred to the bill of complaint on the ground that this court has no jurisdiction because a court of law first took jurisdiction, and all the matters and things complained of can there be tried and determined, the complainant having full and adequate relief in a court of law.

The chancellor sustained the demurrer as to each defendant, adjudged the bill insufficient, and dismissed the same. The only question on the appeal therefore is: Was the decree erroneous?

Paragraphs VI and VII of the bill seem to contain a summary of the grounds alleged, upon which the insurer claims the right to have the suit at law transferred to the court of chancery.

Paragraph VI reads: ''The plaintiff further avers that the said John B. Manley and his estate are entirely innocent of any fraudulent conduct in the premises but that inasmuch as the said insurance policy does not contain the so-called standard mortgage clause, the rights of the said estate under its claim for damages under said insurance policy can be no greater than those of the policyholder; that this plaintiff is at present unable to ascertain what knowledge or information the Ella G. Butcher has, or to what extent, if any, she has participated in the fraudulent conduct of her son, the said Sydney E. Butcher, regarding the matters aforesaid, but nevertheless, this plaintiff is informed and believes and therefore avers that the said Ella G. Butcher

has refused to assist the State Fire Marshal in conducting the investigation required by said official under the statutes of the State, and has refused to give any testimony before him, and that she is now without the State of Vermont and her whereabouts are unknown to the plaintiff.''

Only the first clause of paragraph VII need be particularly noticed. That reads: ''The plaintiff avers that because of the legal title to the property being in the name of the said Ella G. Butcher and the said Manley Estate being innocent of any fraud in the premises, this plaintiff is without an adequate remedy or full and complete defense in the suit at law, but that in a court of equity this plaintiff has a full, complete and adequate defense to any claim for damages under said policy; and that because of the fraud being perpetrated upon the plaintiff by the said Sydney E. Butcher, who is not a party of record in the suit at law, this plaintiff is without an adequate remedy in said lawsuit for the matters and things hereinbefore set forth and complained of; that the said suit at law is brought in the joint names of Ella G. Butcher and the Manley Estate; that the only interest which the said Manley Estate has in said suit is that of a mortgagee's interest in the real estate and nothing more; that the said suit is brought to recover for the loss of personal property in which the Manley Estate has no interest whatever; that the court of equity is the only tribunal which can properly determine the rights of the mortgagor and the mortgagee in said real estate in the circumstances of this case, as herein recited.''

That the purpose of the bill was not for discovery, appears from the prayer, whereby the defendants are asked to answer ''as required by law, but not under oath, as the oath thereto is hereby expressly waived.'' . *Ball* v. *Sawyer et ux.*, 62 Vt. 367, 19 Atl. 767. In view of the foregoing waiver, we are unable to perceive what benefit by way of evidence may be realized by the plaintiff in a court of equity, that is not equally available in a court of law.

If such fraudulent acts of false representations were by Sydney E. Butcher, when acting as his mother's servant or agent in procuring the insurance policy, then in such circumstances they would in law be her acts, and any evidence tending to show such agency should be admitted when properly offered for that purpose, whether the suit be at law or in equity. The bringing of the suit at law by the mother, claiming the benefit of

the policy was a ratification of the acts, representations, and agreements of her son by whom the allegations show the policy was procured. *Smith* v. *Pinney*, 32 Vt. 282; *Martin* v. *Rutledge*, 94 Vt. 258, 110 Atl. 222; *Jones* v. *Stearns*, 97 Vt. 37, 122 Atl. 116, 31 A. L. R. 653. She must be answerable to the fullest extent for what her agent did or represented in obtaining the policy, within the scope of what she expected him to do or represent, or within that which she knew he had done or represented, if she still persists in taking the benefit of the act. *Fitzsimmons* v. *Joslin*, 21 Vt. 129, 139, 52 A. D. 46. "The scope of an agency is to be determined not alone from what the principal may have told the agent to do, but from what he knows, or in the exercise of ordinary care and prudence ought to know, the agent is doing in the transaction." *Kingsley* v. *Fitts*, 51 Vt. 414.

Defendants say that evidence of fraud and false representations, material to the issues, may be used as a defense to the policy as well in the suit at law as in the instant one in equity, and that this being so, the controlling doctrine is well stated in *Glastenbury* v. *McDonald's Admr.*, 44 Vt. 450, "that a court of equity will not interfere in cases of fraud where a court of law has first taken jurisdiction, and where the party asking the intervention of the court of chancery can have as full and complete remedy against the fraud in the court of law."

The trouble with the defendant's position in this respect is not with the principle of law thus stated, but with its application to the facts admitted by the demurrers. Adverting to the allegations in the bill it will be observed that the policy covered by items Nos. 1 and 3, the buildings on the real estate, and by item No. 2, the household and personal property. Items 1 and 3 were for $5,000 and $1,500. Item 2 for $500. By the policy only the loss on the real estate is payable to the Manley Estate. That estate has no interest in the personalty destroyed. As to that the loss is payable under the policy exclusively to the insured. The buildings and the personal property were wholly destroyed by the fire.

Assuming but not deciding (see *Van Dyke* v. *Grand Trunk Ry. Co.*, 84 Vt. 233-238, 78 Atl. 958, Ann. Cas. 1913A, 640), that the insured and the Manley Estate were properly joined in the action at law to recover the loss on the real estate, they both having a legal interest in that part of the damage, so

much of the loss as resulted from the destruction of the personalty is payable exclusively to the insured. The Manley Estate has no legal interest therein, and cannot be joined in a suit at law for its recovery. *Haskell* v. *Bowen,* 44 Vt. 579; *Hall* v. *Dorsey,* 101 Vt. 233, 143 Atl. 391. Both classes of the loss being caused by the same fire and covered by the same policy, a complete and adequate remedy on the policy can be had only in a court of equity where all concerned, including the insurance company, may be heard in the same action, and justice rendered according as equity and good conscience may require.

The prayer of the bill is for specific relief by way of a transfer of said action at law to the court of chancery, to be there heard and determined in connection with the issues raised by the allegations in the bill; that the said action at law be temporarily enjoined from further prosecution until further order of this court; that said insurance policy be cancelled and declared void by reason of the fraud, etc., of said Sydney E. Butcher; and that the equities and rights, if any, of the Manley Estate under the provisions of said insurance policy be determined by this court; and for general relief.

Under the general prayer the insurance company may have relief agreeable to the case made by the bill; and "the scope of the bill is to be determined, not by the special prayer for particular relief, but by the case stated." *Averill* v. *Vermont Valley R. R.,* 88 Vt. 293, 92 Atl. 220; *Danforth* v. *Smith,* 23 Vt. 247; *Eureka Marble Co.* v. *Windsor Mfg. Co.,* 47 Vt. 430; *Western Union Tel. Co.* v. *Bullard,* 67 Vt. 272, 31 Atl. 286.

Instead of the demurrers being sustained and bill dismissed, the demurrers should have been overruled, the bill adjudged sufficient as showing the necessity of a transfer of the action at law to the court of chancery, and the prayer of the bill granted to the extent that the plaintiffs in the action at law be ordered to amend that action into a suit in equity and transfer the same to the court of chancery in accordance with the provisions of G. L. 1797, "to be there proceeded with anew, under the rules of law and equity applicable to the case." See *Norton* v. *Green,* 94 Vt. 295, 111 Atl. 458; *Holton* v. *Hassam,* 94 Vt. 324, 111 Atl. 389; *Nelson* v. *Nelson,* 97 Vt. 50, 62, 122 Atl. 490.

*Decree reversed, and cause remanded, with directions that the demurrers be severally overruled, the bill adjudged suffi-*

*cient to show the necessity of the transfer prayed for, and that, on remand of this case, defendants Ella G. Butcher and Manley Estate be ordered to amend their said action at law into a suit in equity, and then transfer the same to the court of chancery, to be there proceeded with to a determination, as the conditions and circumstances of the case may require.*